Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

Jackson Division



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

APR 2 7 2023

ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| Bernice McLaurin | ) | Case No. *3:23cv281-TSL-RPM* |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| Denis R. McDonough, Secretary, Department of | ) | |
| Veterans Affairs | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Bernice McLaurin |
| Street Address | 7701 S. Calumet |
| City and County | Chicago, Cook |
| State and Zip Code | Illinois, 60619 |
| Telephone Number | 773-354-4275 |
| E-mail Address | bernicemclaurin1913@gmail.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name — **Denis R. McDonough**

    Job or Title *(if known)* — Secretary, Department of Veterans Affairs

    Street Address — 810 Vermont Avenue, NW

    City and County — Washington, D.C   10420

    State and Zip Code — District of Columbia, 20420

    Telephone Number —

    E-mail Address *(if known)* —

Defendant No. 2

    Name —

    Job or Title *(if known)* —

    Street Address —

    City and County —

    State and Zip Code —

    Telephone Number —

    E-mail Address *(if known)* —

Defendant No. 3

    Name —

    Job or Title *(if known)* —

    Street Address —

    City and County —

    State and Zip Code —

    Telephone Number —

    E-mail Address *(if known)* —

Defendant No. 4

    Name —

    Job or Title *(if known)* —

    Street Address —

    City and County —

    State and Zip Code —

    Telephone Number —

    E-mail Address *(if known)* —

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | G.V. (Sonny) Montgomery VA Medical Center |
| Street Address | 1500 E Woodrow Wilson Ave |
| City and County | Jackson, Hinds County |
| State and Zip Code | Mississippi, 39216 |
| Telephone Number | 601-362-4471 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:

Rehabilitation Act of 1973, as codified, 29 U.S.C. §§501 to 506.
American with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12111.
Federal Labor Standards Act of 1938, as codified, 29 U.S.C. §§ 204 to 219.  Occupational Safety and Health Act of 1970, as codified, 29 U.S.C 651 TO 655.

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [x] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts *(specify)*:    Disparate

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
January 21,2020, February 7,2020, March 13, 2020, March 23, 2020 through May 8, 2020

C.   I believe that defendant(s) *(check one)*:

- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [x] race              African American
- [x] color             Black
- [ ] gender/sex
- [ ] religion
- [ ] national origin
- [ ] age *(year of birth)*            *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*
  Bronchiolitis, Asthma, Post Truamatic Stress

E.   The facts of my case are as follows. Attach additional pages if needed.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

**March 2, 2020**

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    02/02/2023    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff Bernice McLaurin demands trial by jury and judgement in her favor against Defendant, Secretary of Veteran Affairs Denis McDounough, and prays for the following relief:

A. Lost back pay and benefits;

B. Compensatory damages;

C. Punitive damages;

D. Rehire Status;

E. Costs of litigation and fees;

F. Such other relief the Court may seem just and equitable.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      April 26, 2023

Signature of Plaintiff

Printed Name of Plaintiff      Bernice McLaurin

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

|  |  |  |
|---|---|---|
| BERNICE MCLAURIN,<br>Plaintiff,<br><br>-v-<br><br>DENIS R. MCDONOUGH, SECRETARY,<br>DEPARTMENT OF VETERAN AFFAIRS<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: *3:23cv281-TSL-RPm*<br><br>JURY DEMANDED |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is a civil action based on the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §12101 *et seq*., to correct unlawful employment practices on the basis of disability and to make whole Plaintiff Bernice McLaurin ("Plaintiff"), a disabled person.

This civil action is based on Title VII of the Civil Rights Act of 1964, codified, 42 U.S.C. §§2000e to 2000e-17, to correct unlawful employment practices on the basis of race and color to make whole Plaintiff Bernice McLaurin an African American, black person.

This civil action is based on Occupational Safety and Health Act of 1970, as codified, 29 U.S.C. §§651 to 668, to correct unlawful employment practices on the basis of discrimination and retaliation and make whole Plaintiff Bernice McLaurin, a protected disabled person.

This civil action is based on The Whistleblower Act, as codified, 5 U.S.C. §2302, to correct unlawful employment practices on the basis of retaliation and make whole Plaintiff Bernice McLaurin, a protected person.

1

Plaintiff claims that Defendant Secretary of Veteran Affairs ("Defendant"): Failed to accommodate Plaintiffs disability; Failed to provide safe work conditions; Harassment Plaintiff because of her disability; Retaliation against Plaintiff because she reported unsafe work conditions and disability accommodations; Discriminatory work practices, terms and conditions to Plaintiffs employment; Denied Plaintiff's leave for disability; and Wrongful termination of Plaintiff's employment.

## BASIS FOR JURISDICTION

1. Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Mississippi. This action is brought for discrimination in employment pursuant to: 28 U.S.C §§ 451, 1331, 1337, 1343 and 1345; Title VII of the Civil Rights Act of 1964, codified, 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin); Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§12101 *et seq*.; Rehabilitation Act of 1973, as codified, 29 U.S.C. §§791; Federal Labor Standards Act of 1938, as codified, 29 U.S.C. §§204-218; Occupational Safety and Health Act of 1970, as codified, 29 U.S.C. §§651 to 668; Whistleblower Protection Act, as codified, 5 U.S.C. §2302.

2. Venue is proper in the United States District Court for the Southern District of Mississippi because Defendant is within the jurisdiction of the Southern District of Mississippi and the causes of action occurred in Jackson Mississippi.

## PARTIES

3. Plaintiff

Bernice McLaurin
7701 S. Calumet
Chicago, IL, 60619
(773) 354-4275

2

Bernicemclaurin1913@gmail.com

4.  Defendant(s)

    1.  Denis R. McDonough
        Secretary, Department of Veterans Affairs
        810 Vermont Avenue, NW
        Washington, D.C. 20420

    2.  Department of Veterans Affairs, is a federal agency and may be served process by
        serving:
        Merrick B. Garland,
        U.S. Attorney General, U.S. Department of Justice
        950 Pennsylvania Avenue, NW,
        Washington, D.C. 20530-0001.

    3.  Whenever in this Petition it is alleged that Defendants committed any act or
        omission, it is meant that the Defendants' officers, directors, vice-principals,
        agents, servants, or employees committed such act or omission and that at the
        time such act or omission was committed, it was done with the full authorization,
        ratification, or approval of Defendants or was done in the routine normal course
        and scope of employment of the Defendants' officers, directors, vice-principals,
        agents, servants, or employees.

5. **Place of Employment**
    G.V. (Sonny) Montgomery VA Medical Center
    1500 E Woodrow Wilson Ave
    Jackson, Mississippi, 39216
    601-362-4471

### CONDITIONS PRECEDENT TO SUIT

6. All conditions precedent to filing this cause of action have been met.

7. On January 31, 2023, a Notice of Right to File a Civil Action was issued entitling

Bernice McLaurin to file an action in this Court for her claims.

8. This action was filed within ninety (90) days of Bernice McLaurin's receipt of the Notice of Right to File a Civil Action.

## SUMMARY OF CLAIMS

9. Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. §12101 *et seq*.,; Title VII of the Civil Rights Act of 1964, codified, 42 U.S.C. §§2000e to 2000e-17;Occupational Safety and Health Act of 1970, as codified, 29 U.S.C. §§651 to 668; Federal Labor Standards Act of 1938; and The Whistleblower Act, as codified, 5 U.S.C. §2302,. Plaintiff seeks to recover damages or to secure equitable relief under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Occupational Safety and Health Act of 1970, and The Whistleblower Act, which is an act of Congress which provides for the protection of civil rights.

10. These practices include, but are not limited, to the matters listed in this Complaint.

11. No action was taken to correct the prevalent problem.

12. Plaintiff has suffered violations of 42 U.S.C. §12101 *et seq*., 42 U.S.C. §§2000e to 2000e-17; 29 U.S.C. §§651 to 668; 5 U.S.C. §2302; 29 U.S.C. §§79 and 29 U.S.C. §§204-218 . Plaintiff seeks to recover damages and/or to secure equitable relief under the Americans with Disabilities Act, as amended, Title VII of the Civil Rights Act of 1964, Rehabilitation Act of 1973, Federal Labor Standards Act of 1938, The Whistleblower Act, Occupational Safety and Health Act of 1970 (OSHA), which is an act of Congress which provide for the protection of civil rights while employed by Defendant.

## FACTS COMMON TO ALL COUNTS

13. On May 12, 2019, Bernice was hired as a GS 12-1 Clinical Pharmacist at G.V. Sonny Montgomery Medical Center (Sonny VA) which included a one year probationary period.

4

Bernice was not granted her pay request for her clinical and operational pharmacy experience as other white peers.

14. On June 29, 2019, Bernice suffered a respiratory injury in the Pharmacy Department at Sonny VA while on duty.

15. On June 30, 2019, Sonny VA Employee Health placed Bernice on work restrictions to discontinue use of Peridox. Bernice did not file a Workers Compensation Claim out of fear.

16. On or about July 10, 2019, Bernice had her initial mask-fit for employment at Sonny VA performed improperly.

17. On July 10, 2019, Bernice was instructed to work with Peridox daily by Sonny VA Chief of Pharmacy and Associate Chief of Pharmacy after improper mask fitting.

18. On August 9, 2019 Bernice completed, evaluated and passed the tasklist for OutPatient Pharmacy Competencies at Sonny VA.  Signed off by Associate Chief of Pharmacy.

19. On August 28, 2019 Associate Chief of Pharmacy filed that Bernice satisfactory meets performance, conduct, leave and attendance general character trait standards in her 90-Day Evaluation.

20. On September 30, 2019 Sonny VA Inpatient Pharmacy Chemotherapy hood failed testing for safe operational by employees and unsafe for patients.

21. On January 10, 2020, Inpatient Pharmacy Supervisor sent an email to Inpatient Pharmacy staff denoting only the African-American pharmacists to do chemotherapy testing using an uninspected malfunctioning chemotherapy hood.

22. On January 11, 2020, Bernice suffered a respiratory exacerbation after a Peridox exposure in the Pharmacy Department at Sonny VA.

23. On January 14, 2020, Bernice had a morning follow-up medical appointment for the January 11, 2020 respiratory injury. Bernice reported to work after her medical appointment.

24. On January 14, 2020, Inpatient Pharmacy had a sewage-line pipe burst. Sewage covered the entire pharmacy. Bernice left the inpatient pharmacy for the day due to respiratory irritation from breathing sewage fumes.

25. On or about January 15, 2020 Bernice filed for Reasonable Accommodations under the American Disabilities Act of 1990 (the ADA) for her respiratory injury. Bernice contacted the Joint Commission about the sewage pipe burst in the Inpatient Pharmacy.

26. On January 21, 2020, Inpatient Pharmacy Supervisor sent an email requiring Bernice and only the other African American pharmacists to complete IV Chemotherapy drug testing, requiring use of the hazardous chemical Peridox using malfunctioning chemotherapy hood.

27. On or about January 28, 2020, Bernice inquired to the Chief of Pharmacy, Associate Chief of Pharmacy, and Inpatient Pharmacy Supervisor of racial steering of new hires between inpatient and outpatient pharmacy. Separating the white hires to Outpatient Pharmacy and the blacks to Inpatient Pharmacy duties.

28. On January 28, 2020, Bernice emailed the Inpatient Pharmacy Supervisor regarding hazardous work conditions and OSHA violations within the Inpatient Pharmacy and the plan to correct such hazardous dangers affecting the non white pharmacists.

29. On February 2, 2020, Bernice filed an undisclosed whistleblower complaint to OSHA regarding GV Sonny Montgomery VA.

30. On or about February 3, 2020, Bernice completed the mask-fit questionnaire and was not cleared for a mask-fit examination by Sonny VA Employee Health medical provider. Employee Health providers instructed Bernice to see pulmonology for mask fit clearance.

31. On February 7, 2020, Inpatient Pharmacy Supervisor denied Bernice's reasonable accommodation request to not work with the chemical Peridox.

32. February 7, 2020, Agency would provide an interim accommodation pending a Last Resort job search. Bernice agreed to be temporarily reassigned to Sonny VA Outpatient Pharmacy where Peridox is not used.

33. On February 7, 2020, Inpatient Pharmacy Supervisor required Bernice to notify Outpatient Supervisor if she needed to be excused from her workstation throughout the day including toileting, and for any anticipated medical leave.

34. On February 9, 2020, Bernice filed for Workers' Compensation Claim for Continuation of Pay/Compensation for respiratory injuries suffered at Sonny VA Medical Center.

35. On February 10, 2020 Bernice emailed about feeling verbally attacked in a meeting with the Associate Chief of Pharmacy and Inpatient Pharmacy Supervisor about her work performance which yielded that Bernice exceeded her daily orders quota set by the Pharmacy however they stated she needed to do more within her 10 hour work shift.

36. On February 11, 2020, Bernice inquired how she was to be properly and fairly evaluated during the temporary reassignment to Outpatient Pharmacy for April of 2020 performance evaluation. Inpatient Pharmacy Supervisor responded to Bernice's email about feeling verbally attacked about work performance.

37. On February 12, 2020, Bernice received an approval letter from the Regional Health Administration of Veterans Affairs to participate in the Education Debt Reduction Program for "fully and successfully" meeting Sonny VA work performance standards.

38. On February 24, 2020, Bernice requested the Chief of Pharmacy to work as needed with the Agency and no longer be a full-time employee after no interventions were addressed for workplace safety, hostility and racial inequities.

39. On March 1, 2020 Bernice emailed the Chief of Pharmacy several Sonny VA employee written statements regarding exacerbated physical symptoms due to the hazardous chemicals to clean soiled medication after sewage burst, hazardous and hostile work conditions, and excessive use of Peridox for attempted mold remediation techniques.

40. On March 2, 2020, Bernice filed an Equal Employment Opportunity Claim (EEOC) for discrimination at Sonny VA.

41. On March 4, Bernice informed the Chief of Pharmacy regarding the Associate Chief and Supervisor making jokes regarding her illness and creating a hostile work environment.

42. On March 5, 2020, OSHA conducted an on-site investigation at GV Sonny Montgomery VA.

43. On March 5, 2020 Bernice suffered a mental breakdown in the parking lot of Sonny VA and was unable to report to work. Sonny VA Employee Health was closed at 7AM .

44. On March 5, 2020 Bernice was diagnosed with Anxiety, Post Traumatic Stress Disorder (PTSD) by her primary care physician. Physician recommended counseling to further treat PTSD and anxiety.

45. On March 7, 2020, Bernice notified GV Sonny Montgomery Human Resources Department that she had filed an OSHA complaint, discussing her concerns for retaliation,

hazardous and hostile work conditions, and lack of manager investigation of hostility concerns. Bernice submitted her letter of resignation.

46. On March 10, 2020, Outpatient Pharmacy Supervisor (white) scheduled Bernice to only be trained and evaluated by only Caucasian peers in Outpatient Pharmacy.

47. On March 12, 2020, Bernice emailed Outpatient Pharmacy Supervisor of medical appointments related to Workers Compensation injury from March 16-19th.

48. On March 13, 2020, Supervisor emailed Bernice to enforce the requirement of using Peridox without providing proper Occupational Health and Safety Administration required facial masks.

49. On March 16, 2020, Inpatient Pharmacy Supervisor updated Bernice's Timesheet for Continuation of Pay for January 11, 2020 Workers' Compensation injury.

50. On March 18, 2020, Workers' Compensation pulmonologist rescheduled Bernice's medical appointment to April 7, 2020.

51. On March 19, 2020, Bernice notified the Outpatient Pharmacy Supervisor of COVID 19 symptoms during the pandemic, and requested COVID 19 Leave/ VA Guidance.

52. On March 23, 2020, the Agency ordered the Chief of Pharmacy to allow Clinical Pharmacists to maximize telework due to the COVID-19 pandemic response.

53. On March 23, 2020, Bernice was not granted remote telework. Other pharmacists without disabilities were granted telework.

54. On March 23, 2020, Chief of Pharmacy emailed Bernice that he will make her Leave Without Pay (LWOP)  or Absent Without Leave (AWOL) for her medical appointments related to injury.

55. On April 2, 2020, Bernice suffered increased COVID 19 symptoms and exacerbation of her respiratory injury. Bernice requested telework approval from the Chief of Pharmacy.

56. On April 7, 2020 Bernice went to Workers' Compensation pulmonology medical appointment in Chicago, IL.

57. On April 8, 2020, Bernice received an "order to return to duty" letter dated April 1, 2020 from the Chief of Pharmacy.

58. On May 5, 2020, GV Sonny Montgomery VA offered Bernice a demotion from Clinical Pharmacist, a GS-12 position to an Administrative Officer GS- 9 position.

59. On May 8, 2020, Bernice was terminated for "failure to maintain a work schedule and inadequate performance."

60. June 15, 2020, Sonny VA was issued two (2) "serious" level violations by OSHA after the March 5, 2020 Sonny VA site investigation for workplace hazards that could cause an illness that would most likely result in death or serious physical harm.

61. On June 21, 2022 Workers Compensation Claim approved Bernice's claim for January 11, 2020 injury at Sonny VA Medical Center.

## COUNT I: RACE, COLOR, AND NATIONAL ORIGIN DISCRIMINATION

62. Plaintiff, Bernice McLaurin sues Denis R. McDonough, Secretary of the Department of Veterans Affairs for racial, color and national origin discrimination under Title VII.

63. Plaintiff incorporates by reference and realleges paragraphs 1 through 61.

64. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity wages, promotion, and other terms and conditions of employment by the Defendant because of race (Black) national origin (African American) and disability.

65. The above discriminatory actions were taken by the managerial and supervisory personnel within the Sonny VA Medical Center in order to deprive the Plaintiff of employment and other employment action because of his race, and national origin.

66. The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

67. The above referenced actions have created an intolerable hostile work environment.

68. The Defendant at all relevant times knew, or should have known, of the above referenced discrimination against the Plaintiff.

69. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

70. The Defendant, through the Plaintiff's managers and supervisors has engaged in directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under Title VII.

71. The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors at Sonny VA Medical Center in Jackson, Mississippi that racial discrimination, national origin, and disability discrimination are acceptable employment practices.

72. Because of the willful actions of the Defendant and its administrators,managers and supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be denied her rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

73. As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an

11

amicable working environment; loss of career and professional opportunities, a lower performance appraisal; payment of legal fees and legal costs, harm to her professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering, distress and pain.  Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, court fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on issues so triable.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII AND THE ADA

74. Plaintiff, Bernice McLaurin sues Denis R. McDonough, Secretary of the Department of Veterans Affairs for retaliation under Title VII and the Retaliation Act.

75. Plaintiff incorporates and realleges paragraphs 1 through 61, and 64 through 73.

76. Plaintiff engaged in protected EEO activity.

77. The Defendant was aware of each of the Plaintiff's protected EEO activities.

78. Such acts violate the 42 U.S.C. §§2000e *et seq.* and 42 U.S.C. §12101 *et seq.*

79. The aforesaid adverse employment actions; other adverse actions; misconduct; and other conduct, acts and omissions to the Plaintiff's detriment; as well as other adverse employment actions and conduct, were all taken (or failed to be taken) by administrators and managers and supervisory personal at Sonny VA Medical Center in Jackson, Mississippi in retaliation for the protected EEO activity of the Plaintiff including those set forth above.

80. As a direct and proximate result of the protected EEO activity, Plaintiff has suffered the adverse employment actions and other adverse actions, including these set forth above. These actions would deter a reasonable employee from engaging in EEO activity.

81. Sonny VA Medical Center in Jackson, Mississippi has intentionally maintained these retaliatory and unlawful practices to the detriment of its employees.

82. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff.

83. The Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

84. The Defendant, through supervisors and managers of the Plaintiff, including other staff personnel and Human Resource personnel, has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiff's efforts to obtain relief under The Title VII and the Rehabilitation Act.

85. The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors in the Sonny VA Medical Center that retaliation against employees in order to discourage protected EEO activity, is an acceptable employment practice by administrators, managers and supervisors at Sonny VA Medical Center in Jackson, Mississippi.

86. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as approximate cause thereof, the Plaintiff has been and continues to be denied her rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, §§2000e *et seq.* and the Rehabilitation Act.

87. As a result of the foregoing, the Plaintiff has been damaged.  Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities, a lower performance appraisal; payment of legal fees and legal costs, harm to her professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering, distress and pain.  Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff, Bernice McLaurin, demands trial by jury and judgment in her favor against Defendant, Denis R. McDonough, Secretary, Department of Veterans Affairs, and prays for the following relief: Lost back pay and benefits; Front pay and benefits; Compensatory damages; Cost of action, fees; Reinstated hire status; and such other relief that as to this Court may seem just and equitable and a trial by jury on all issues so triable.

## COUNT III: DISABILITY DISCRIMINATION AND FAILURE TO REASONABLY ACCOMMODATE DISABILITY

88. Plaintiff, Bernice McLaurin sues Denis R. McDonough, Secretary of the Department of Veterans Affairs for disability discrimination and failure to reasonably accommodate a disability under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C 791 and Title VII of the Civil Rights Act of 1964, as amended.

89. Plaintiff incorporates and realleges paragraphs 1 through 61, and 64 through 73, and 76 through 87.

90. Plaintiff is a disabled person within the meaning of the ADA, 42 U.S.C. §12101 *et seq*.

14

91. Plaintiff has excelled in her Pharmacist position and received good evaluations. With reasonable accommodation, Plaintiff is able to perform the essential functions of her Pharmacy position.

92. Plaintiff requested reasonable accommodations at Sonny, but Defendant repeatedly denied Plaintiff's request.

93. Plaintiff requested reasonable accommodation relocation, but Defendant failed to provide reasonable relocation accommodations.

94. Such refusals to accommodate violates the ADA, 42 U.S.C. §12101 *et seq.*

95. As a direct and proximate result of the foregoing conduct,  Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of disability discrimination and failure to reasonably accommodate disability.

96. The above discriminatory actions were taken by the supervisory personnel within Sonny VA, in order to deprive the Plaintiff of employment and other employment action because of her disability.

97. The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

98. The above referenced actions have created an intolerable hostile work environment.

99. The Defendant at all relevant times knew, or should have known, of the above referenced discrimination against the Plaintiff.

100. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

101. The Defendant, through the Plaintiff's managers and supervisors has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under Section 501 of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, as amended.

102. The Defendant, through acceptance of the complaint of conduct, has fostered an attitude among supervisors at Sonny VA in Jackson, Mississippi that disability discrimination and failure to reasonably accommodate disability are acceptable employment practices.

103. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as approximate cause thereof, the Plaintiff has been and continues to be denied her rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq* and the Rehabilitation Act.

104. As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities, a lower performance appraisal; payment of legal fees and legal costs, harm to her professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering, distress and pain. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff, Bernice McLaurin, demands trial by jury and judgment in her favor against Defendant, Denis R. McDonough, Secretary, Department of Veterans Affairs, and prays for the following relief: Lost back pay and benefits; Front pay and benefits; Compensatory damages; Cost of action, fees; Reinstated hire status; and such other relief that as to this Court may seem just and equitable and a trial by jury on all issues so triable.

## COUNT IV: HARASSMENT/HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA AND TITLE VII

105. Plaintiff, Bernice McLaurin sues Denis R. McDonough, Secretary of the Department of Veterans Affairs for retaliatory hostile work environment harassment.

106. Plaintiff incorporates and realleges paragraphs 1 through 61, and 64 through 73, and 76 through 87, and 90 through 104.

107. The aforesaid actions and conduct have created an intolerable hostile work environment harassment.

108. The Defendant at all relevant times knew, or should have known, of the above referenced discrimination against the Plaintiff.

109. Such actions violate the ADA, 42 U.S.C. §12101 *et seq.* and 42 U.S.C. §§2000e to 2000e-17.

110. The Defendant has failed to take necessary action to prevent or correct the complaint of harassment and hostility and, in fact, ratified such conduct.

111. The Defendant, through supervisors and managers of the Plaintiff, including other staff personnel and Human Resource personnel, has engaged in, directed, and/or ratified retaliatory hostile conduct and harassment and has frustrated the Plaintiff's efforts to obtain relief under The Whistleblower Act, OSHA, Title VII and the Rehabilitation Act.

112. The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors in the Sonny VA Medical Center that harassment and hostile conduct against employees in order to discourage protected EEO activity, is an acceptable employment practice by administrators, managers and supervisors at Sonny VA Medical Center in Jackson, Mississippi.

113. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as approximate cause thereof, the Plaintiff has been and continues to be denied her rights to equal employment opportunity in violation of the Whistleblower Act, OSHA Act, Civil Rights Act of 1964, as amended, §§2000e *et seq* and the Rehabilitation Act.

114. As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities, a lower performance appraisal; payment of legal fees and legal costs, harm to her professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering, distress and pain. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff, Bernice McLaurin, demands trial by jury and judgment in her favor against Defendant, Denis R. McDonough, Secretary, Department of Veterans Affairs, and prays for the following relief: Lost back pay and benefits; Front pay and benefits; Compensatory damages; Cost of action, fees; Reinstated hire status; and such other relief that as to this Court may seem just and equitable and a trial by jury on all issues so triable.


## COUNT V: RETALIATION IN VIOLATION OF THE WHISTLEBLOWER ACT

115. Plaintiff, Bernice McLaurin sues Denis R. McDonough, Secretary of the Department of Veterans Affairs for retaliation under the Whistleblower Act, OHSA Act, Title VII and the ADA.

116. Plaintiff incorporates and realleges paragraphs 1 through 61, and 64 through 73, and 76 through 87, and 90 through 104, and 107 through 114.

117. Plaintiff engaged in a protected EEO activity

118. The Defendant was aware of each of the Plaintiff's protected EEO activities.

119. Such retaliation acts violate 29 U.S.C. §§651 to 668 and 5 U.S.C. §2302

120. The aforesaid adverse employment actions; other adverse actions; misconduct; and other conduct, acts and omissions to the Plaintiff's detriment; as well as other adverse employment actions and conduct, were all taken (or failed to be taken) by administrators and managers and supervisory personal at Sonny VA Medical Center in Jackson, Mississippi in retaliation for the protected EEO activity of the Plaintiff including those set forth above.

121. As a direct and proximate result of the protected EEO activity, Plaintiff has suffered the adverse employment actions and other adverse actions, including these set forth above. These actions would deter a reasonable employee from engaging in EEO activity.

122. Sonny VA Medical Center in Jackson, Mississippi has intentionally maintained these retaliatory and unlawful practices to the detriment of its employees.

123. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff.

124. The Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

125. The Defendant, through supervisors and managers of the Plaintiff, including other staff personnel and Human Resource personnel, has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiff's efforts to obtain relief under The Whistleblower Act, OSHA, Title VII and the Rehabilitation Act.

126. The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors in the Sonny VA Medical Center that retaliation

against employees in order to discourage protected EEO activity, is an acceptable employment practice by administrators, managers and supervisors at Sonny VA Medical Center in Jackson, Mississippi.

127. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as approximate cause thereof, the Plaintiff has been and continues to be denied her rights to equal employment opportunity in violation of the Whistleblower Act, OSHA Act, Civil Rights Act of 1964, as amended, §§2000e *et seq* and the Rehabilitation Act.

128. As a result of the foregoing, the Plaintiff has been damaged.  Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities, a lower performance appraisal; payment of legal fees and legal costs, harm to her professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering, distress and pain.  Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff, Bernice McLaurin, demands trial by jury and judgment in her favor against Defendant, Denis R. McDonough, Secretary, Department of Veterans Affairs, and prays for the following relief: Lost back pay and benefits; Front pay and benefits; Compensatory damages; Cost of action, fees; Reinstated hire status; and such other relief that as to this Court may seem just and equitable and a trial by jury on all issues so triable.

## JURY TRIAL  DEMAND

129. Plaintiff, Bernice McLaurin hereby demands trial by jury on all issues triable.

## VIII. PRAYER

20

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein, and that after trial by jury, a judgment be entered granting Plaintiff the following: reinstatement by Defendants placing Plaintiff in the position he would have occupied but for Defendants' discriminatory treatment and making him whole for all earnings he would have received had it not been for Defendants' discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits; actual damages; punitive damages; pre-judgment and post-judgment interest at the maximum rate permitted by law; reasonable and necessary attorney's fees in an amount to be shown to the satisfaction of the court; cost of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled under all attending facts and circumstances and a jury trial for all issues so triable.

Dated: April 26, 2023

Respectfully Submitted,

Bernice McLaurin
7701 S. Calumet
Chicago, IL, 60619
(773) 354-4275
Bernicemclaurin1913@gmail.com
PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023 I manually filed the foregoing with the Clerk of the Court using the United States Postal Service mailing system which sent notification of such filing to the following: and I hereby certify that I have mailed by United States Postal Service the document to the following participants: .

Denis R. McDonough
Secretary, Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, D.C.  20420

Department of Veterans Affairs, is a federal agency and may be served process by serving:
Merrick B. Garland,
U.S. Attorney General, U.S. Department of Justice
950 Pennsylvania Avenue, NW,
Washington, D.C. 20530-0001.

s/ Bernice McLaurin//

Bernice McLaurin