UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BERNICE MCLAURIN                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:23-CV-281-TSL-RPM

DENIS R. MCDONOUGH                                                DEFENDANT

## ORDER DENYING MOTION TO RECOVER COSTS

This matter is before the Court on Defendant's motion to recover costs. Doc. [106].
Plaintiff, proceeding *pro se*, filed the instant cause of action on April 27, 2023, alleging race- and
disability-based discrimination. As reflected in email communications between Plaintiff and
defense counsel from June 11 through July 11, 2024, the two sides had agreed to take the
deposition of Plaintiff's retained expert, Ticonna Purdle, on August 26, 2024. Doc. [107-1].
Plaintiff indicated to defense counsel that Purdle would be available to be deposed on August
26th. Defendant filed on August 9, 2024, a notice to take Purdle's deposition in Chicago on
August 26th. Doc. [95]. The certificate of service indicates that defense counsel sent a copy of
the notice to Plaintiff, but not to Purdle.

Defense counsel traveled from Jackson, Mississippi and appeared for the deposition at
the appointed time and place. Neither Plaintiff nor Purdle appeared on the morning of the
deposition. That same day, defense counsel sent an email to Plaintiff asking her whereabouts, to
which Plaintiff responded by asking whether defense counsel had sent a copy of the deposition
notice to Purdle to confirm the date. Doc. [107-2]. Defense counsel responded that he had not
sent a notice and that it was Plaintiff's responsibility to secure the attendance of her own retained
expert. The parties exchanged further communications attempting to reschedule the deposition
while defense counsel was still in Chicago; however, Purdle was unavailable. Defendant filed

the instant motion to recover costs associated with the deposition based on Rules 30(d)(2) and 37(d)(1)(A)(i). Doc. [106]. Alternatively, Defendant moves to preclude Purdle's expert testimony for failure to comply with discovery orders.

It is debatable whether Rule 37 sanctions apply. "The law is far from settled, in this jurisdiction or elsewhere, on whether Rule 37(d) applies to a non-party witness, including expert witnesses." *See Lovison v. Gleason*, No. 3:14-CV-1517-P, 2015 WL 3934933, at *6-7 (N.D. Tex. June 26, 2015). Rule 37(d)(1)(A)(i) expressly applies to a party who fails to appear for a properly noticed deposition. Purdle is a non-party deponent and retained expert who failed to appear for a noticed deposition.

The Court instead looks to Federal Rule of Civil Procedure 30(d)(2), which provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule. Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *Murillo Modular Group, Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6139096, at *7 (N.D. Tex. Oct. 20, 2016) (internal quotation marks omitted). "The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a [person's] conduct that impedes, delays, or frustrates the fair examination of the deponent." *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2014 WL 4375669, at *5 (N.D. Tex. Sept. 4, 2014). The movant bears the

burden on any Rule 30(d)(2) motion that it makes. *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012).

Defense counsel traveled to Chicago for the deposition of Plaintiff's retained expert noticed for August 26, 2024. Plaintiff and her expert did not appear for the deposition. Based on the electronic communications between Plaintiff and counsel for Defendant, it appears Plaintiff was under the mistaken impression that it was defense counsel's responsibility to serve Plaintiff's expert with a notice of deposition. *See* Doc. [107-1] [107-2]. It is unclear from the record why Plaintiff also failed to appear at her expert's deposition. As soon as Plaintiff was made aware that Purdle had not appeared for the deposition, Plaintiff attempted that same day to remedy the situation by communicating with Purdle and trying to reschedule her deposition for August 26th or 27th; however, Purdle was unavailable. The parties later agreed upon an alternative date and conducted Purdle's deposition on September 24, 2024. *See* Doc. [145-3].

To be clear, the June 11 through July 11, 2024, email correspondence demonstrates that Plaintiff agreed to the August 26, 2024, deposition date and confirmed Purdle's availability. Defendant duly filed a notice of deposition on August 9, 2024, which was served on Plaintiff. Defendant did not subpoena Purdle, but a subpoena ordinarily would not be required when Plaintiff agrees to the deposition of her retained expert at a specified date, time, and location. *See Bailey v. Worthington Cylinder Corp.*, No. 16 CV 7548, 2021 WL 4440317, at *4 (N.D.Ill. Jan. 19, 2021) ("[c]ourts frequently affirm a party's right to depose their opposing party's experts and do not require a subpoena."); *Certain Underwriters at Lloyd's London v. SSDD, LLC*, 4:13-CV-193 CAS, 2014 WL 239303, at *1-2 (E.D.Mo. Jan. 22, 2014) ("in the vast majority of cases, a party who has retained an expert witness will voluntarily produce the expert for deposition, and will not force the opposing party to incur the expense and burden of issuing a subpoena."). Nor

did defense counsel serve the expert with a notice of deposition. However, it was not defense counsel's responsibility to send a notice to Plaintiff's expert or to communicate with Plaintiff's expert to confirm the deposition date, time, and location. Rather, that responsibility lies squarely with Plaintiff who agreed to the deposition date and confirmed Purdle's availability prior to the setting.

Based on a review of Plaintiff's emails to defense counsel on June 11, August 26, and August 29, 2024, Plaintiff appears to have been under the misapprehension that defense counsel would serve Purdle with a copy of the notice of deposition. *See* Doc. [107-1] at 2; [107-2] at 1, 3; [107-5] at 3-4. Thus, the deposition delay appears to have resulted from Plaintiff's misunderstanding of the parties' respective responsibilities. As early as June 11, 2024, Plaintiff expressed her belief to defense counsel that he would be sending a notice of deposition to Purdle to confirm the deposition date. Doc. [107-1] at 2. Plaintiff is proceeding *pro se* and may not be fully versed in the Federal Rules of Civil Procedure. Sanctions are meant to deter or punish intentional misconduct rather than negligent conduct or ignorance of the rules. It is a close call whether to impose sanctions in this case. Indeed, the Court is sympathetic to Defendant's plight and understands why the motion was filed; however, the Court finds under the circumstances that sanctions would not be appropriate.

Given that the parties later completed Purdle's deposition, the Court denies Defendant's alternative request to preclude Purdle's testimony based on her failure to appear for the August 26th deposition. The Court notes, however, Defendant has filed a motion to exclude Purdle's testimony under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 597 (1993). Doc. [145]. The *Daubert* motion is pending for the district judge's consideration.

4

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [106] Motion to Recover Costs is DENIED.

SO ORDERED AND ADJUDGED, this the 11th day of February 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE